# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE
# CIVIL ACTION NO. 3:14-CV-P505-H

RONALD G. SCHAEFFER                                        PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY et al.                      DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Ronald G. Schaeffer, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff, who was incarcerated at the Luther Luckett Correctional Complex (LLCC) but now appears to be incarcerated at the Kentucky State Reformatory, names as Defendants in the caption of his complaint the Commonwealth of Kentucky; the "Capital of Kentucky"; James Erwin; Jennifer Dawn Stacy at the "cabinet of corrections"; and Keiryn Fannin, "program administrator at frankfort's capital office." Elsewhere in his complaint he lists as Defendants James Sweatt and Paula S. Holden, both "Deputy Commissioner[s] at frankfort's capital building," and Governor Steve Beshear. His complaint argues that it is illegal to sell a human being in the United States of America. Much of the complaint is rambling and hard to follow, but it appears that his claim is that he is "one of those people that they are trying to sale for that $30,000." He attaches his affidavit in which he avers that "Frankfort's capital personell's is illegally saling of human being's for $30,000.000 & I'am one of the human being that being sold for the sums of $30,000.000.00 . . . [T]hey been transfering me from place to place trying sale

me." As relief, he requests monetary and punitive damages and to have the criminal charges against him dropped.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

An action has no arguable factual basis when the allegations are delusional or "rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990). The Court need not accept as true factual allegations that are "'fantastic or delusional'" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at

2

328).  Here, Plaintiff's claims relating to being sold into slavery are "completely incomprehensible and contain[] no legal theory upon which a valid federal claim may rest" and, to the extent they may be deciphered, are "delusional"; as such, dismissal is appropriate.  *Abner v. SBC (Ameritech)*, 86 F. App'x 958, 958-59 (6th Cir. 2004).

Moreover, to the extent that Plaintiff is complaining about being transferred to different correctional facilities, the law is clear that inmates have no constitutional right to be incarcerated in any particular institution or a particular part of an institution unless the state has created a liberty interest in remaining at a particular institution.  *Olim v. Wakinekona*, 461 U.S. 238, 245-48 (1983); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976); *Meachum v. Fano*, 427 U.S. 215, 223-29 (1976); *Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986).  This is not the case in Kentucky where transfer of prisoners is within the discretion of the corrections cabinet.  *See* Ky. Rev. Stat. § 197.065.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's claims.

Date:

cc:     Plaintiff, *pro se*
       Defendants
       General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4412.009